UNITED STATES of America,
Plaintiff–Appellee,

v.

Guadalupe CASTRO–ROMERO,
Defendant–Appellant.

No. 91–30152.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1992.

Decided May 19, 1992.

Scott H. Hansen, Blaser, Sorensen & Hansen, Blackfoot, Idaho, for defendant-appellant.

Monte J. Stiles, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Before: PREGERSON, TROTT and KLEINFELD, Circuit Judges.

PER CURIAM:

Guadalupe Castro–Romero appeals his sentence and conviction following jury trial for two counts of sexual abuse of a minor in violation of 18 U.S.C. § 2241(c).  Castro–

Romero contends the district court erred by (1) permitting the government in violation of the Equal Protection Clause to exercise a peremptory challenge to excuse a black juror, (2) permitting the government in violation of his right to confront witnesses to engage in leading and suggestive questions during the examination of the minor victim, and (3) increasing his offense level under the Sentencing Guidelines because the minor victim was in his custody, care, or supervisory control. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

### Equal Protection

Castro–Romero contends he was denied equal protection when the prosecutor exercised a peremptory challenge to strike the only black juror in the venire solely on the basis of that juror's race. This contention is without merit.

■ We review for clear error the district court's factual determination regarding purposeful discrimination in the jury selection process. *United States v. Power*, 881 F.2d 733, 739 (9th Cir.1989).

■ We employ a two-stage analysis when reviewing Castro–Romero's claim of improper use of peremptory challenges. *See id.* First, he must establish a prima facie case of purposeful discrimination in the jury selection process. *See id.* (citing *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722–23, 90 L.Ed.2d 69 (1986). Second, once a prima facie case is established, the government must come forward with a " 'neutral explanation' for its challenges, an explanation 'related to the particular case tried.' " *Id.* at 740 (quoting *United States v. Chinchilla*, 874 F.2d 695, 697 (9th Cir.1989)). "The prosecution's explanations ... need not rise to the level justifying use of a challenge for cause." *Power*, 881 F.2d at 740.

■ Even if we assume that Castro–Romero established a prima facie case under the *Batson* standard, his claim fails because the government provided a neutral explanation for its use of a peremptory challenge against the black juror. The prosecutor stated she challenged the juror because he "said he thinks that children can lie in such matters [as those involved in the instant case]," and not because of his race. The district court did not find this reason a pretext for racial discrimination.

Under the circumstances of this case, we cannot say the district court clearly erred by finding the prosecutor provided a "reasonable, neutral basis" for challenging the juror. *See Power*, 881 F.2d at 740.

## II

### Right to Confront Witnesses

■ Castro–Romero contends he was denied the right to confront his accuser when on direct examination the district court allowed the prosecution to ask leading questions of the minor victim. This contention is without merit.

We review for abuse of discretion the district court's decision to permit leading questions of a witness. *Esco Corp. v. United States*, 340 F.2d 1000, 1005 (9th Cir.1965); *Mitchell v. United States*, 213 F.2d 951, 956 (9th Cir.1954), *cert. denied*, 348 U.S. 912, 75 S.Ct. 290, 99 L.Ed. 710 (1955). "[W]e will ... reverse on the basis of improper leading questions only if 'the judge's action ... amounted to, or contributed to, the denial of a fair trial.' " *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 514 (9th Cir.1989) (quoting Cleary, ed., *McCormick on Evidence*, at 12 (1984) (footnote omitted)), *cert. denied*, 494 U.S. 1056, 110 S.Ct. 1524, 108 L.Ed.2d 764 (1990).

Fed.R.Evid. 611(c) provides that "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." The Advisory Committee Note to Rule 611(c) explains that "[t]he rule continues the traditional view that the suggestive powers of the leading question are as a general proposition undesirable." Fed. R.Evid. 611(c), Adv.Com.Notes (1972). However, the Advisory Committee went on to note that asking leading questions of a child witness is a recognized exception to

the general rule. *Id.; see also United States v. Demarrias*, 876 F.2d 674, 678 (8th Cir.1989) (leading questions permitted of minor sexual abuse victim); *United States v. Brady*, 579 F.2d 1121, 1130 (9th Cir.1978) (noting in dicta that permitting leading questions of minor witnesses "not an unusual practice), *cert. denied*, 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 (1979); *Rotolo v. United States*, 404 F.2d 316, 317 (5th Cir.1968) (leading questions permitted of nervous and upset fifteen year old witness); *Antelope v. United States*, 185 F.2d 174, 175 (10th Cir.1950) (leading questions permitted of minor statutory rape victim).

Here, the victim was an eight year old girl. She was so reluctant to testify initially that the district court ordered a recess during the course of her testimony. In addition, the prosecution introduced other evidence without objection regarding Castro–Romero's admissions to police investigators and to a state court that he had molested the victim.

In light of the age of the witness and the nature of the testimony, we hold that the district court did not abuse its discretion in allowing leading questions of the minor witness. *See Esco Corp.*, 340 F.2d at 1005; *Mitchell*, 213 F.2d at 956. Further, even if the leading questions had been improper, they would not have resulted in denial of a fair trial because of the evidence that Castro–Romero admitted to the crime. *See Miller*, 885 F.2d at 514–515.

### III

### Sentencing Guidelines

Castro–Romero contends the district court erred by adjusting upward his base offense level because the victim was in his custody, care, or supervisory control. This contention lacks merit.

We review for clear error the district court's factual findings underlying its application of the Guidelines. *United States v. Bos*, 917 F.2d 1178, 1180 (9th Cir.1990).

The Guidelines provide that "if the victim was in the custody, care, or supervisory control of the defendant," the defendant's base offense level shall be adjusted upward two points. U.S.S.G. § 2A3.1(b)(3) (1990). A defendant is in a custodial position for purposes of this section when he "is a person the victim trusts or to whom the victim is entrusted." U.S.S.G. § 2A3.1, Comment., Background.

Here, the victim was the daughter of Castro–Romero's common-law wife. Although Castro–Romero never adopted the victim, he was present at her birth and helped raise her. The victim referred to him as "daddy." He lived with the victim and was home alone with her when the second incident of sexual abuse occurred.

The district court's factual determination that the victim was in the custody, care, or supervisory control of Castro–Romero was not clearly erroneous. *See Bos*, 917 F.2d at 1182.

AFFIRMED.