**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reginald FULTON, Defendant–
Appellant.**

**No. 92–30339.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 1992 *.

Decided March 4, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

**632**

David Skeen, Port Townsend, WA, for defendant-appellant.

Jerald E. Olson, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, SKOPIL and LEAVY, Circuit Judges.

WALLACE, Chief Judge:

Fulton appeals from his sentence under the Sentencing Guidelines following his guilty plea to abusive sexual contact with a minor on an Indian reservation, in violation of 18 U.S.C. §§ 1153 and 2244(a)(3). He contends that the district court erred in assigning to him a base offense level of 16 on the ground that he used force within the meaning of U.S.S.G. § 2A3.4(a). He also argues that the district court erred by refusing to depart downward based on his age and medical infirmity, and on the needs of the S'Klallam Tribe to enforce its culturally based sexual abuse program. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742(a). We affirm.

## I

On March 31, 1992, the government filed a felony information charging Fulton, a 63–year–old S'Klallam Indian, with engaging in sexual contact with a 12–year–old Indian female, in violation of 18 U.S.C. §§ 1153 and 2244(a)(3). Fulton subsequently pleaded guilty to the charges against him.

Following an evidentiary hearing, the district court determined that Fulton had used force within the meaning of U.S.S.G. § 2A3.4(a). Therefore, it set Fulton's base offense level at 16. The district court refused to depart downward, and sentenced Fulton to 21 months' imprisonment.

## II

■ Fulton contends that the district court erroneously concluded that he had used force against the victim. He also contends that the district court's finding of force must be reversed because the court relied on materially false and unreliable information. The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. *United States v. Carvajal*, 905 F.2d 1292, 1294 (9th Cir.1990) (*Carvajal*). The court's factual determinations are reviewed for clear error. *Id.* at 1295.

### A.

Section 2A3.4(a)(1), the applicable provision of the Sentencing Guidelines, provides for a base offense level of 16 "if the offense was committed by the means set

forth in 18 U.S.C. § 2241(a) or (b)." The means set forth in 18 U.S.C. § 2241(a) or (b) include the use of force against the victim. U.S.S.G. § 2A3.4 application note 1. Section 2A3.4 does not otherwise define the term "force." We therefore must turn to the few judicial interpretations of the term as it is used in section 2241(a)(1), which applies to aggravated sexual abuse by force.

Section 2241(a)(1) requires a showing of actual force. *United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir. 1990). This requirement "may be satisfied by a showing of ... the use of such physical force as is sufficient to overcome, restrain, or injure a person." *Id.*, *quoting* H.R.Rep. No. 594, 99th Cong., 2d Sess., 14 n. 54a, *reprinted in*, 1986 U.S.C.C.A.N. 6186, 6194 n. 54a. Thus, the force requirement is met when the "sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact." *Id.*, *quoting United States v. Lauck*, 905 F.2d 15, 18 (2d Cir.1990).

In making its finding that Fulton had used force, the district court considered the presentence report, a report written by Federal Bureau of Investigation Agent Gahan following his interview with the victim, two transcripts of interviews of the victim, and the testimony of social workers and Agent Gahan. This evidence is more than adequate to sustain the finding that Fulton used force sufficient to overcome or restrain his victim. In the victim's initial recorded interview, she stated that Fulton often would push her to the floor or bed. Agent Gahan reported that Fulton "would force [the victim] to lie down, and then he would touch her 'private parts.' " The victim said she would occasionally try to push Fulton away, but "he's stronger than me." Fulton would grab the victim in a bear hug to keep her from pushing and then engage in sexual contact. The victim stated that sexual contact occurred while Fulton "was on top of me. And I was on my stomach." She thought she had to do it. Finally, the victim told the probation officer that Fulton "grabbed

her and pushed her down, holding her on the ground. On more than one occasion [Fulton] removed her pants and underpants and placed his fingers inside her vaginal cavity. She frequently experienced pain and fear and expressed that she did not like the activity...." Based on this evidence, we hold that the district court did not commit clear error in finding that Fulton used force.

**B.**

Fulton also contends that one of the transcripts is false and unreliable. The transcript records the victim's initial interview with two social workers. Relying on the testimony of Doyle, who was present at the interview, Fulton alleges that the transcript omits some questions and answers and reflects the biases of the social worker who prepared it. "A defendant challenging information used in sentencing must show that such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986), *quoted in Carvajal*, 905 F.2d at 1296.

Although she attended the initial interview, Doyle did not take any notes of what was said. Soon after this interview, Agent Gahan discussed the transcript with Doyle. Doyle did not inform Agent Gahan that there were any omissions. Matthews, who conducted the initial interview, and Powell, who transcribed it, both testified that the transcript did not contain any errors or omissions. Finally, Doyle testified that the portion of the transcript in which the victim stated that Fulton "[g]rabbed me. And like, um, he would make me lie on the floor and go up and down on me. I got scared and tired of it" was accurate. This evidence suggests that the transcript did not contain any material errors or omissions. Fulton has failed to prove that the information relied on by the district court was false or unreliable.

**III**

Fulton also contests the district court's refusal to depart downward based

on his age and medical infirmity, and based on the needs of the S'Klallam tribe to enforce its culturally based sexual abuse program. A court's discretionary refusal to depart downward is not reviewable on appeal. *United States v. Belden*, 957 F.2d 671, 676 (9th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992). However, "we will review de novo a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed." *Id.*

Here, the district court concluded:

[T]he issue of departure downward is so discretionary in the trial courts that I'm not making a finding that I couldn't depart downward. What I have concluded is that I'm not going to depart downward. I don't believe that there has been a sufficient showing under either age and infirmity or under [U.S.S.G. § 5K2.0, which Fulton contends provides authority for a downward departure based on the tribe's sexual abuse program].

The district court clearly believed that it had the discretion to depart downward. The court also determined that departure was not warranted based on the facts of this case. We therefore decline to review the district court's refusal to depart downward.

Finally, Fulton contends that home detention would be a more appropriate punishment than incarceration. However, based on his criminal history category, Fulton would need an offense level of 10 or less before the district court would have the authority to place him on probation or home detention. *See* U.S.S.G. §§ 5B1.1(a) and 5F1.2. Because the district court properly computed Fulton's offense level as 16, we need not reach this argument.

AFFIRMED.