26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul BRUMFIELD, Jr., Defendant-Appellant.
 No. 93-10523.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Brumfield Jr. appeals his twenty-seven-month sentence imposed following a guilty plea to forcibly breaking into a post office with the intent to commit a larceny in violation of 18 U.S.C. Sec. 2115. Brumfield contends that the district court erred by (1) granting a two-level upward adjustment for more than minimal planning and (2) denying an additional one-level reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation and application of the Guidelines, and for clear error the court's underlying factual determinations. United States v. Fulton, 987 F.2d 631, 632 (9th Cir.1993).
 
 
 4
 * Minimal Planning
 
 
 5
 The Guidelines provide for a two-level enhancement if the conduct involved more than minimal planning. U.S.S.G. Sec. 2B2.2(b)(1). " 'More than minimal planning' means more planning than is typical for commission of the offense in a simple form." U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)).
 
 
 6
 Here, the district court adopted the presentence report which contained the following facts: On the evening before the burglary, Brumfield made statements to his girlfriend regarding the stupidity of the post office to put its safe on wheels. At approximately 12:08 a.m., a police officer on routine patrol saw Brumfield at a telephone booth outside the post office. At approximately 2:44 a.m., Brumfield made a hole seven feet off the ground in the drywall of the post office, removed a two-by-four wooden stud, and entered the building. Brumfield then removed the safe weighing in excess of 200 pounds and drove off in his truck. He pried the safe open at a distant location. During a subsequent search of Brumfield's residence, police officers found an "O'o," a specialized digging tool. A laboratory analysis revealed that digging tool contained paint and insulation from the safe.
 
 
 7
 This burglary was neither simple nor unsophisticated. Criminals do not simply climb seven feet, bash a hole in a drywall, and remove a 200-plus pound safe without more than minimal planning. Given these facts, the court did not clearly err by finding that the offense involved more than minimal planning. See U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)). The enhancement was proper.[1]
 
 II
 Acceptance of Responsibility
 
 8
 The Guidelines provide for an additional one-level reduction if the defendant, among other things, "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. Sec. 3E1.1(b)(2).
 
 
 9
 Here, Brumfield was arraigned on October 26, 1992. He filed a motion to suppress his statements and physical evidence on November 24, 1992. The government prepared an extensive opposition memorandum, interviewed witnesses, and sent physical evidence to laboratories for expert analysis. A suppression hearing was rescheduled twice at the parties' request due to ongoing plea negotiations. Subsequently, Brumfield withdrew his suppression motion and pled guilty on April 9, 1993. At sentencing, the district court granted a two-level reduction under section 3E1.1(a), but refused to grant an additional one-level reduction under section 3E1.1(b). The court reasoned that:
 
 
 10
 In this case, the defendant denied his guilt--as he is certainly constitutionally entitled to do--and, indeed, went so far as to have his attorney file a motion to suppress the evidence in the case, requiring effort by the government to respond to that motion. The matter was set on the court's calendar. It was only after that--although before the hearing on the motion, that the defendant decided to enter his guilty plea.
 
 
 11
 ... I think that the defendant waited simply too long, put the government to too much effort, and did not provide the kind of assistance ... in a timely enough fashion to entitle him to the additional point. I think that, had he done it several months earlier, maybe even a month earlier, it might have been enough, but he put the government to a substantial amount of effort in this case, and only then, and after that had been expended, did he come forward and provide information about himself.
 
 
 12
 That does not, in my view, entitle him to the extraordinary additional point for essentially saving the mechanism of justice of going through the hoops of having to defend its position--I am talking about the Justice Department preparing its case to prove him guilty beyond a reasonable doubt. So in this case, I don't believe that he, in my judgment, is entitled to the one level additional reduction.
 
 
 13
 Brumfield contends that the plea negotiations commenced before the trial and that "[w]ithout the delay to review the evidence, ... [he] would have been denied his Sixth Amendment right to effective assistance of counsel. This contention is unavailing.
 
 
 14
 The timing of Brumfield's guilty plea did not qualify as a "sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." See U.S.S.G. Sec. 3E1.1, comment. (n. 6). Despite Brumfield's difficult choice to either plead guilty or review the evidence against him, such a decision did not infringe on his constitutional rights. See United States v. Davis, 960 F.2d 820, 829 (9th Cir.) ("[T]he fact that section 3E1.1 forces a defendant to make a difficult choice does not infringe the defendant's constitutional rights."), cert. denied, 113 S.Ct. 210 (1992).
 
 
 15
 Accordingly, the court properly denied Brumfield the additional one-level reduction for acceptance of responsibility.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brumfield also argues that the district court engaged in impermissible double counting by utilizing his offense conduct as the basis for both the more than minimal planning adjustment and a sentence at the top of the applicable Guidelines range. As counsel correctly notes, we have previously considered and rejected this argument. See United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990). To the extent Brumfield requests us to reconsider Reed, we note that a three-judge panel lacks the authority to overrule Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992)