26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Aloysius VAILE, Defendant-Appellant.
 No. 93-30355.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Aloysius Vaile appeals his 100-month sentence imposed following entry of a guilty plea to sexual abuse of a minor in violation of 18 U.S.C. Secs. 1153, 2243. Vaile contends that the district court used the incorrect base offense level because the facts did not establish his use of force against the victim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error the district court's factual findings underlying its application of the Sentencing Guidelines. United States v. Castro-Romero, 964 F.2d 942, 944 (9th Cir.1992).
 
 
 4
 Section 2A3.2, the guideline for sexual abuse of a minor, provides for a base offense level of 15. U.S.S.G. Sec. 2A3.2. That section, however, contains a cross reference, such that "[i]f the offense involved criminal sexual abuse ... (as defined in 18 U.S.C. Sec. 2241 or Sec. 2242), apply Sec. 2A3.1." Id. Section 2A3.1, the guideline for criminal sexual abuse, provides for a base offense level of 27. Id. Sec. 2A3.1. Criminal sexual abuse, as defined by 18 U.S.C. Sec. 2241(a)(1), requires a showing of actual force. United States v. Fulton, 987 F.2d 631, 633 (9th Cir.1993). "[T]he force requirement is met when the 'sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.' " Id. (quoting United States v. Fire Thunder, 908 F.2d 272, 274 (8th Cir.1990)).
 
 
 5
 Vaile contends that there is no evidence of force because the victim willingly participated in the sexual conduct and was not physically injured. We disagree.
 
 
 6
 The presentence report included a summary of the victim's interview with the criminal investigator. The victim, Vaile's 13-year-old stepdaughter, stated that she awoke as Vaile "was attempting to pull her shirt up" and that she "jerked away." She reported that Vaile said "now he was going to have sex with her" and that "she was trying to jerk away from Vaile." She further stated that the sexual intercourse had "hurt her," but Vaile told her not to tell anyone because he was going to kill himself. The victim also reported that Vaile had been "bothering" her sexually since the third grade and that when she "told him no ... he did it anyway."
 
 
 7
 Based on the evidence that the victim tried to "jerk away" from Vaile's advances, we conclude that the district court did not err by determining that Vaile used force sufficient to prevent the victim from escaping the sexual act. See Fulton, 987 F.2d at 633 (sufficient evidence to find use of force when victim stated that she tried to push defendant away, defendant grabbed her and pushed her down, and she experienced fear and pain); see also United States v. Hadley, 918 F.2d 848, 853 (9th Cir.1990) (sufficient evidence to convict of attempted aggravated sexual abuse under 18 U.S.C. Sec. 2241(a)(1) when defendant asked victim to sit on his lap, tried to get victim to remove his pants, and got an erection), cert. dismissed, 113 S.Ct. 486 (1992). In addition, the district court was free to give little weight to Vaile's self-serving statement that no force was involved. See United States v. Smith, 905 F.2d 1296, 1300 (9th Cir.1990).
 
 
 8
 Vaile also suggests that the district court failed to make findings supporting its application of section 2A3.1. Because the district court stated that "it would take some real evidence to overcome the probation officer's report here. I think what happened is what happened" and then imposed the sentence as calculated by the probation officer (but with a downward departure on unrelated grounds), the district court clearly resolved the dispute against Vaile. See United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990), cert. denied, 499 U.S. 930 (1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3