26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo LOPEZ-HERNANDEZ, Defendant-Appellant.
 No. 93-10283.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1994.
Decided June 7, 1994.
 
 1
 Before: WALLACE, CHOY, and McGOVERN,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ricardo Lopez-Hernandez appeals his conviction and sentence following a jury trial for conspiracy to distribute and to possess with intent to distribute methamphetamine, and aiding and abetting, in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 18 U.S.C. Sec. 2, as well as carrying or use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 4
 Lopez-Hernandez asserts that the district court violated his right to equal protection of the law by improperly striking venireperson Casillas from the panel, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Due to apparent confusion on the part of the district court at the side-bar discussion regarding the propriety of the prosecution's peremptory challenges, and the failure to clarify the district court's ruling by the parties, the district court's rationale for allowing the prosecution to strike venireperson Casillas, but not allowing the strike of venireperson Benavides is unclear.
 
 
 5
 While Lopez-Hernandez did comply with the rule which requires that Batson objections be made as soon as possible, and before the jury is sworn, Dias v. Sky Chefs, Inc., 948 F.2d 532, 534 (9th Cir.1991), cert. denied, 112 S.Ct. 1294 (1992), we find that having failed to clarify the record, Lopez-Hernandez cannot complain on appeal that the district court's actions were erroneous. "The appealing litigant must ensure that sufficient facts are developed at trial to support a challenge on appeal." Andersen v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987).
 
 
 6
 This is not a case where the renewal of the objection or a request for clarification would have been futile. If Lopez-Hernandez had brought it to the district court's attention, the confusion could have been cleared up at that time, before going through with the trial. As it is, we are left with no record as to the district court's reasons for allowing the strike of venireperson Casillas but not allowing the strike of venireperson Benavides, after first stating that the strike of Casillas would not be allowed. The district judge might have changed his mind and decided that Casillas could be challenged, or he might have misspoke himself the first time rather than the second time. Additionally, it is also unclear as to whether Lopez-Hernandez continued to object to the strike of Casillas. It is possible Lopez-Hernandez preferred Mr. Casillas as a jury member over Ms. Benavides. In any event, it is the responsibility of the appellant to prepare the record, and Lopez-Hernandez failed to do so by not seeking clarification. Id.
 
 
 7
 There was sufficient explanation to support the district court's conclusion that the government could properly challenge Casillas. The district court's factual determinations regarding purposeful discrimination in the jury selection process are reviewed for clear error. United States v. Castro-Romero, 964 F.2d 942, 943 (9th Cir.1992). The prosecutor's explanation was both race-neutral and a proper reason for exercising a peremptory challenge. The attitude shown by a potential juror as perceived by the prosecutor is a proper reason for exercising a peremptory challenge. United States v. Powers, 881 F.2d 733, 740 (9th Cir.1989). A prosecutor's explanation of a peremptory challenge need not rise to the level justifying use of a challenge for cause. Id. We cannot find that the district judge's decision to allow the challenge to Casillas was clearly erroneous, based on the unclear record before us. Any deficiency in the explanation for allowing the challenge is due to the failure of Lopez-Hernandez to seek clarification, and cannot support a reversal.
 
 
 8
 Lopez-Hernandez next contends that the district court erred in disallowing credit under the Sentencing Guidelines for acceptance of responsibility. This court reviews for clear error the district court's determination regarding whether a defendant has accepted responsibility. United States v. Williams, 989 F.2d 1061, 1074 (9th Cir.1993).
 
 
 9
 Lopez-Hernandez asserts that the district court's denial of credit for acceptance of responsibility was based on his asserting his constitutional right to trial. He relies upon this court's decision in United States v. Johnson, 956 F.2d 894 (9th Cir.1992). In that case, this court held that defendants could be allowed a downward departure for acceptance of responsibility, despite having gone to trial and putting the Government to the burden of proving guilt. However, that case is inapposite to the case at bar. In Johnson, the defendants at trial admitted to voluntarily taking the actions they were accused of, yet asserted a defense of duress. Despite this, this court found that they had not accepted responsibility prior to trial. Id. at 904. However, we did find that their going to trial did not preclude the reduction, where after trial at presentencing they asserted partial duress as a leniency factor. Id. at 905. This was based on acceptance of responsibility after trial.
 
 
 10
 In the case at bar, Lopez-Hernandez denied the essential factual elements of guilt, by proceeding to trial. The district court noted that even after trial, Lopez-Hernandez was not completely candid about ownership of the gun used in the crime. Therefore, not only was his acceptance of responsibility somewhat untimely, it was also less than complete. Incomplete acceptance of responsibility is a proper ground upon which to deny credit for acceptance of responsibility. United States v. Arias-Villanueva, 998 F.2d 1491, 1513 (9th Cir.), cert. denied, 114 S.Ct. 359, and 114 S.Ct. 573, and 114 S.Ct. 573 (1993).
 
 
 11
 In addition, this was not a case where "the practical certainty of a trial was a foregone conclusion," Johnson, 956 F.2d at 904, in the sense that it was in Johnson. While it is true that so long as Lopez-Hernandez' brother maintained his innocence, his brother would be put on trial, this did not preclude Lopez-Hernandez himself from avoiding putting the Government to the burden of proving his own guilt. In Johnson, the Government had refused to consider any plea offers unless all the defendants pleaded guilty. There was no such situation in this case. Lopez-Hernandez could have pled guilty and avoided being brought to trial. It is irrelevant that the Government would have still tried his brother.
 
 
 12
 Because the district court was "in a unique position to evaluate the defendant's acceptance of responsibility" his determination "is entitled to great deference on review." U.S.S.G. Sec. 3E1.1. Given the foregoing, we find that the district court did not clearly err in refusing to credit Lopez-Hernandez for acceptance of responsibility.
 
 
 13
 AFFIRMED.