UNITED STATES of America, Plaintiff–Appellee,

v.

Javier MORA–PEREZ, Defendant–Appellant.

No. 00–30231.

D.C. No. CR–99–00027–f–JMF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2001.

Decided Aug. 31, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

718

Before SCHROEDER, Chief Judge,
T.G. NELSON and SILVERMAN, Circuit
Judges.

MEMORANDUM *

We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

A. *Mora–Perez's Confession*

 We reject Mora–Perez's argu-
ment that the Government was required to
corroborate his confession in order to use
it at sentencing. "The procedural safe-
guards and evidentiary limitations afforded
defendants in criminal trials are not re-
quired at sentencings." [2] Moreover, the
commentary to § 6A1.3 of the sentencing
guidelines states that "[a]ny information
may be considered, so long as it has suffi-
cient indicia of reliability." [3]

 Mora–Perez offers no evidence
that shows his confession does not bear
sufficient indicia of reliability, nor did he
do so at the district court. The facts
contained within his confession, as present-

**2.** *United States v. Notrangelo,* 909 F.2d 363,
366 (9th Cir.1990).

**3.** U.S. Sentencing Guidelines Manual
§ 6A1.3, cmt. (2000). In fact, we have al-
ready recognized that sentencing judges can
consider officers' uncorroborated reports.
*United States v. Marin–Cuevas,* 147 F.3d 889,
894–95 (9th Cir.1998).

ed in the Government's investigative report, were included in the presentence report. However, Mora–Perez never even alleged that those facts were untrue or misleading. The investigative report is well-detailed, and on its face, there is no reason to doubt its accuracy. Because Mora–Perez failed to meet his burden of showing unreliability,[4] the district court did not abuse its discretion in finding that his confession bore sufficient indicia of reliability.[5]

## B. Relevant Conduct Determination

■ Mora–Perez confessed that, in 1997, he made six trips to Fairbanks to deliver cocaine. These trips periodically continued in 1998 and 1999, the year in which he delivered two kilograms every two weeks in the two months preceding his arrest. Thus, it is clear that the Government did not rely on a solitary drug delivery in Mora–Perez's past to prove relevant conduct.[6]

■ Furthermore, Mora–Perez was arrested while attempting to deliver, via a flight from California, a small quantity of cocaine to a few particular customers in Fairbanks. This was precisely the method of operation for all of his drug deliveries from 1997 up to the date of his arrest in 1999.[7] In light of this evidence, we cannot say that the district court clearly erred in its relevant conduct determination.[8]

## C. Quantity of Cocaine Involved in the Relevant Conduct

■ For 1997 and 1999, Mora–Perez confessed to the quantities he delivered. Thus, the district court did not err, let alone clearly err,[9] in determining drug quantities for those two years.

For 1998, the district court accepted the Probation Officer's estimate that Mora–Perez delivered 2.5 kilograms.[10] Section 2D1.1 of the sentencing guidelines specifically gives the district court authority to estimate the quantity of drugs involved in the relevant conduct by considering similar drug transactions by the defendant.[11] That is precisely what the district court

---

4. The defendant has the burden of showing unreliability. United States v. Fulton, 987 F.2d 631, 633 (9th Cir.1993).

5. The district court's determination of whether a particular item of evidence is sufficiently reliable to be considered at sentencing is reviewed for abuse of discretion. United States v. Pinto, 48 F.3d 384, 389 (9th Cir.1995).

6. United States v. Hahn, 960 F.2d 903, 911 (9th Cir.1992) ("When regularity is to provide most of the foundation for temporally remote, relevant conduct, specific repeated events outside the offense of conviction must be identified. Regularity is wanting in the case of a solitary, temporally remote event ...." (emphasis in original)).

7. Id. (temporally remote, extraneous conduct is relevant conduct where there are "specific similarities" between the offense of conviction and that conduct).

8. Whether conduct extraneous to an offense of conviction is relevant conduct is reviewed for clear error. United States v. Motz, 936 F.2d 1021, 1026 (9th Cir.1991).

In his opening brief and before the district court, Mora–Perez did not raise the issue of whether clear and convincing evidence was the proper burden of proof in his case. Thus, we do not address it here.

9. The district court's factual findings are reviewed for clear error. United States v. Asagba, 77 F.3d 324, 325 (9th Cir.1996) (quantity of drugs).

10. "Whether the method adopted by the district court to approximate the relevant quantity of drugs is proper under the guidelines is [ ] reviewed de novo." United States v. Scheele, 231 F.3d 492, 497 (9th Cir.2000) (internal quotation marks and citation omitted).

11. Application note 12 of § 2D1.1 provides: "In [approximating the quantity of the controlled substance,] the court may consider ... similar transactions in controlled substances by the defendant...."

did here. In addition, the district court sufficiently erred on the side of caution in accepting that estimate.[12] Mora–Perez made at least ten trips to Fairbanks in 1998, whereas in 1997 and 1999, he made fewer trips, but transported a greater amount of cocaine.

AFFIRMED.

---

**12.** *Scheele,* 231 F.3d at 498 (because approximations of drug quantities "are by their nature imprecise," the district court "must err on the side of caution").

