**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony V. WAYKA, Defendant–
Appellant.**

No. 01–1438.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 3, 2001.

Decided Oct. 23, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, DIANE P. WOOD, Circuit Judges.

## ORDER

Anthony Wayka pleaded guilty to one count of engaging in abusive sexual contact with a child under the age of 12 on an Indian reservation, in violation of 18 U.S.C. §§ 2244(a)(1) and 1153, and was sentenced to 24 months' imprisonment. On appeal Wayka argues that the district court erred in finding that the offense involved the use of force, thereby increasing his base offense level from 12 to 16 under U.S.S.G. § 2A3.4(a)(1). We affirm.

In the afternoon of September 17, 2000, Wayka, then 49, approached a ten-year-old girl walking near her home on the Menominee Indian Reservation. Wayka invited the girl to watch cartoons in his home, and when she refused, he grabbed her hand. In response the girl slapped Wayka's hand. Wayka released her and she went home. Later that day, Wayka again accosted the girl as she attempted to walk by his residence. This time Wayka told her that he wanted to have sex, and again invited her into his house. When she refused Wayka offered her money, repeated his request to have sex, grabbed her, lifted her off the ground, hugged her tightly, kissed her on the lips, and attempted to put his tongue in her mouth. When the girl objected and told Wayka to put her down, Wayka complied but then tried to unbuckle her pants. After the incident the girl complained of pain in her arm and chest.

When interviewed two days later. Wayka admitted to investigators that he kissed the girl, but maintained that when he told her that he wanted to have sex, he had meant after she reached the age of 18. He also admitted that, in the process of both lifting the girl to kiss her and returning her to the ground, he rubbed his body onto hers in such a way that caused her pants to slide down and her blouse to lift up. Subsequently, at the Change of Plea Hearing, Wayka admitted that he grabbed the girl by the arm, pulled her towards him, raised her up, kissed her, and then he put her on the ground. While under oath Wayka also conceded that the government's proffer, which included the victim's testimony that she tried to leave but was prevented by Wayka's actions, was substantially correct.

In the Presentence Investigation Report, the probation officer initially assigned a base offense level of 12 under U.S.S.G. § 2A3.4(a)(2), which would apply where force was not used but where the victim was threatened or, as the probation officer concluded here, was incapable of declining participation in the sexual contact. The government objected, arguing that Wayka's base offense level should be calculated pursuant to § 2A3.4(a)(1) and increased to 16 because Wayka used force against the victim. At sentencing the district court adopted the government's position, concluding not only that the girl declined participation in the sexual contact, but that Wayka's act of lifting the ten-year-old victim off the ground amounted to the use of force within the meaning of § 2A3.4(a)(1).

The district court's determination that Wayka's conduct involved the use of "force" is a finding of fact reviewed for clear error. *United States v. Crow,* 148 F.3d 1048, 1050 (8th Cir.1998). Section 2A3.4(a)(1) provides for a base offense level of 16 when an offense is committed by the means set forth in 18 U.S.C. § 2241(a). Section 2241(a), in turn, punishes those who knowingly cause someone to engage in a sexual act, either by use of force or by threat of death, serious bodily injury, or kidnapping. The sentencing guidelines do not define the term "force," and thus courts applying § 2A3.4(a)(1) have looked to the term's meaning under § 2241(a). *See, e.g., United States v. Fulton,* 987 F.2d 631, 633 (9th Cir.1993); *United States v. Fire Thunder,* 908 F.2d 272, 274 (8th Cir. 1990). For purposes of § 2241(a), we have defined "force" as "the exertion of physical power upon another to overcome that individual's will to resist." *United States v. Boyles,* 57 F.3d 535, 544 (7th Cir.1995).

The district court did not commit clear error when it found that Wayka's offense involved the use of force. First, the district court found that the girl did not consent to the sexual contact; in fact, she expressly refused Wayka's invitations to have sex. Second, the court found that Wayka engaged in physical action to overcome the girl's will to resist. The court noted that when the girl rejected Wayka's sexual advances. Wayka used his hands to exert physical force and literally lift her off the ground. This use of force restrained the girl and prevented her escape, thereby enabling Wayka to have sexual contact with her against her will. Third, the court found that the girl resisted not only Wayka's sexual advances, but also her physical restraint.

Although Wayka admits that he grabbed the victim, hugged her tightly, and lifted her off the ground, he disputes the obvious conclusion that in doing so he impeded her ability to fend off his unlawful sexual contact. According to Wayka, his actions did not constitute "force" because he did not prevent the girl's escape when she demanded that he release her. This argument is frivolous: Wayka released the girl only *after* engaging in the abusive acts. Although the contact was brief, lasting only a few seconds, Wayka prevented his victim from escaping the contact altogether when he lifted her off of the ground. The fact that Wayka ultimately put the girl back down on the ground and allowed her to escape additional sexual contact does not persuasively address whether the initial restraint constituted force. *See United States v. Allery,* 139 F.3d 609, 611 (8th Cir.1998) (victim's eventual escape does not prevent finding of force in sexual contact occurring immediately prior to escape). Furthermore, Wayka admittedly hugged the girl tightly, which constituted additional evidence of the use of force. *See Fulton,* 987 F.2d at 633 (force found where defendant grabbed victim in bear hug to minimize her ability to resist during

sexual contact). Accordingly, the judgment of the district court is AFFIRMED.