**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Wade Patrick TODD, Defendant—Appellant.**

No. 01–30278.

D.C. No. CR–00–00061–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted on July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI and BERZON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2) and therefore denies Todd's request for oral argument.

MEMORANDUM **

Wade Patrick Todd appeals the 168–month sentence imposed following his guilty plea to aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 1153 and 2241(c). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Todd contends that the district court improperly increased his offense level by four points under U.S.S.G. § 2A3.1(b)(1) based on its unwarranted finding that he had used force on his victim. According to Todd, the facts the district court relied on were not proven by a preponderance of the evidence and, even if they were proven, failed as a matter of law to support the enhancement. These contentions fail.

We review for clear error the district court's factual findings underlying its application of the Sentencing Guidelines. *United States v. Seesing*, 234 F.3d 456, 459 (9th Cir.2000).

At sentencing, Todd expressly declined to object to the presentence report's factual recitation describing his offense conduct and, indeed, acknowledged that he used force during the offense. Because the uncontroverted evidence showed that Todd punched the victim in the neck three times while sexually assaulting her, the district court's factual finding underlying its application of § 2A3.1(b)(1) to increase Todd's offense level was supported by a preponderance of the evidence and not in error. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1161 (9th Cir.) (holding "that a district court may rely on an unchallenged PSR at sentencing to find by a preponder-

**114**

ance of the evidence that the facts underlying a sentence enhancement have been established"), *cert. denied,* 531 U.S. 1043, 121 S.Ct. 640, 148 L.Ed.2d 546 (2000).

Nor was that finding incorrect as a matter of law. *See United States v. Archdale,* 229 F.3d 861, 868 (9th Cir.2000) (holding 18 U.S.C. § 2241(a)'s[1] force requirement satisfied by defendant's large size relative to victim, and his holding her head down, grabbing her hand above her head, and getting on top of her); *United States v. Fulton,* 987 F.2d 631, 633 (9th Cir.1993) (holding force requirement satisfied by defendant's grabbing of victim and getting on top of her).

AFFIRMED.

---

1.  U.S.S.G. § 2A3.1(b)(1) provides that the enhancement applies if the offense was committed by the means set forth in 18 U.S.C. § 2231, subsections (a) or (b).

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.