UNITED STATES of America,
Plaintiff—Appellee,

v.

Jack Grant JEAKINS, Defendant—
Appellant.

No. 04–30014.
D.C. Nos. CR–03–00060–TSZ,
CR–03–00285–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Dec. 2, 2004.

Before D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM *

Jack Grant Jeakins appeals his conviction on four counts of transporting a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a), one count of travel with intent to engage in illicit sexual conduct, 18 U.S.C. § 2423(b), and five counts relating to manufacturing and uttering of counterfeit currency, 18 U.S.C. §§ 471, 472. Jeakins moved to suppress statements he made to law enforcement officers immediately preceding and following his arrest, as well as evidence recovered from the search of his car and motel room. After an evidentiary hearing, the district court substantially denied Jeakins' motion. Following his conviction by a jury on all counts, the district court sentenced Jeakins to fourteen years in custody, three years of supervised release, restitution in the amount of $421.75, a special assessment in the amount of $1000, and a $10,000 fine.

We affirm the district court's denial of the motion to suppress and affirm the conviction on all counts. We affirm the district court's application of the sentenc-- ing guideline for criminal sexual abuse of a minor, U.S.S.G. § 2A3.2, rather than the guideline for sexual contact, U.S.S.G. § 2A3.4. We affirm the district court's decision not to group counts 7–9. We affirm the application of the "use of a minor" adjustment pursuant to U.S.S.G. § 3B1.4. We affirm the district court's application of a two-level enhancement to the travel and transportation counts for custody, care or supervisory control pursuant to U.S.S.G. § 2A3.2(b)(1). As to the other sentencing issues, we remand for such further proceedings as the district court deems appropriate under the circumstances in light of the issues raised by *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See United States v. Padilla,* 387 F.3d 1087, 2004 WL 2435498 (9th Cir.2004).

■ The district court did not err by denying defendant's motion to suppress. Evidence obtained during a consensual warrantless search may be admitted into evidence. *Schneckloth v. Bustamante,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Courts consider the totality of the circumstances in determining whether consent was voluntary. *United States v. Castillo,* 866 F.2d 1071, 1082 (9th Cir. 1988). Jeakins was standing in an open, public parking lot. He was not told that he was under arrest, or that he had to remain at the scene. He was not in police custody, constructively or otherwise, at the time of the consensual search. Jeakins did not object to the search. *See United States v. Cannon* 29 F.3d 472, 477 (9th Cir.1994) ("Failure to object to the continuation of a vehicle search after giving general consent to search 'is properly considered as an indication that the search was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

within the scope of the initial consent.' ") (citation omitted). The police did not have their guns drawn. Jeakins was not Mirandized, though this is not dispositive. *See United States v. Morning,* 64 F.3d 531, 533 (9th Cir.1995). And because Jeakins was not in custody, *Miranda* warnings were not required. *See Stansbury v. California,* 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994). While Officer Fortney did not advise Jeakins of his right to refuse consent, Jeakins "responded so quickly the issue never arose." The totality of the circumstances suggests that the warrantless search of defendant's car was consensual. *See United States v. Cormier,* 220 F.3d 1103, 1112 (9th Cir.2000).

We conclude that, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and therefore find that Jeakins' conviction on counts 7 and 8 was supported by sufficient evidence. *See United States v. Odom,* 329 F.3d 1032, 1034 (9th Cir.2003). Specifically, there was sufficient evidence to support the jury's finding that one of the defendant's "dominant purposes" in taking the victim with him on the road for extended periods was to facilitate increased sexual activity with him. *See United States v. Kinslow,* 860 F.2d 963, 967 (9th Cir.1988). Similarly, the sufficient evidence supported the jury's finding that engaging in illicit sexual activity was a dominant intent, if not the dominant intent, behind all of Jeakins' trips with the victim. Counts 7 and 8 should therefore not be vacated.

*Sentencing Issues*

■ The district court did not err in applying the sentencing guideline for criminal sexual abuse of a minor, U.S.S.G.

§ 2A3.2, rather than the guideline for abusive sexual contact, U.S.S.G. § 2A3.4, to counts 7–9. The jury convicted Jeakins on the transportation counts because it found the victim's testimony credible. The victim testified about the steady progression of their sexual activity. He testified that in the winter following the summer he first met Jeakins (July 1999), and before his 12th birthday, they began to have oral sex, and once their sexual relationship had progressed in this way, they only had oral sex. Oral sex is characterized as a "sexual act." *See* 18 U.S.C. § 2246(2); U.S.S.G. § 2A3.2 cmt. n.1 (2002). Accordingly, the district court properly applied cross-reference U.S.S.G. § 2G1.1(c)(3) in sentencing Jeakins on these counts consistently with U.S.S.G. § 2A3.2, related to criminal sexual abuse, not mere contact.

The district court did not err in grouping counts 7, 8, and 9 separately. This putative "single trip" was punctuated by numerous stays of varied duration, the longest of which lasted for two months, in which the defendant worked a full-time job. The 2002–2003 trip constituted a series of discrete trips. Moreover, even if this trip is thought of as a single trip, grouping is not required. The guideline applicable to counts 1, 7, 8 and 9 is U.S.S.G. § 2G1.1, and by cross-reference, U.S.S.G. § 2A3.2. The guideline that addresses count 2 is U.S.S.G. § 2A3.2. Both U.S.S.G. §§ 2G1.1 and 2A3.2 are specifically excluded from the grouping requirements. *See* U.S.S.G. § 3D1.2.

■ The district court's application of the "use of a minor" adjustment was appropriate. U.S.S.G. § 3B1.4 states:

If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in

avoiding detection of, or apprehension for, the offense, increase by 2 levels.

This finding is supported by testimony that the jury found credible. The district court did not clearly err in applying this adjustment.

█ The district court did not err in applying a two-level enhancement to the travel and transportation counts for custody, care or supervisory control pursuant to U.S.S.G. § 2A3.2(b)(1). Subsection (b)(1) is intended to have broad application. U.S.S.G. § 2A3.2 cmt. n. 2. Our case law suggests that the victim does not necessarily have to be "entrusted" to the defendant for the guideline to apply. *See United States v. Castro–Romero*, 964 F.2d 942, 944 (9th Cir.1992). In *Castro–Romero*, this court supported its determination that the custody enhancement was proper with the following general observation: "A defendant is in a custodial position for purposes of this section when he 'is *a person the victim trusts* or to whom the victim is entrusted.'" 964 F.2d 942, 944 (9th Cir. 1992) (citing U.S.S.G. § 2A3.1, cmt. background) (emphasis added). There is ample evidence in the record to support a finding beyond a reasonable doubt that the victim trusted Jeakins.

Alternatively, the victim's mother can be understood, at least constructively, to have entrusted the victim to Jeakins. She testified that she reported her son missing to the police on all of his extended absences with the exception of the last one, the subject of counts 1, 2 and 7–9. Regarding her decision not to file a missing person report with the police, she testified that "at that point I was just giving up, I guess." She also testified that she thought her son was with Jeakins during his prolonged absences because "he told me at one point he wanted to live with Jack." By giving up on getting her son back, knowing that her son was with Jeakins, the victim's mother effectively "entrusted" her son to the defendant. For purposes of U.S.S.G. § 2A3.2, the district court did not err in finding, based on testimony that the jury found credible, that the defendant had custody, care or supervisory control over the victim during their long trips away from home.

As to the other sentencing issues, we remand for such further proceedings as the district court deems appropriate under the circumstances in light of *Blakely* and pending the Supreme Court's decisions in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). *See U.S. v. Padilla*, 387 F.3d 1087 (9th Cir. 2004).

AFFIRMED in part; REMANDED in part.