NOT FOR PUBLICATION

FILED

DEC 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30271 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00025-DLC |
| v. | |
| CORWIN DALLAS FOUR STAR, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted December 5, 2014**

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Corwin Dallas Four Star appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea conviction for

sexual abuse, in violation of 18 U.S.C. §§ 1153(a) and 2242(2)(B).   We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

Four Star contends that the district court violated his Sixth Amendment rights under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), by relying on judicial factfinding to impose a sentencing enhancement under U.S.S.G. § 2A3.1(b)(1) for use of force against the victim. This argument fails because the application of the enhancement affected neither the statutory maximum sentence nor any mandatory minimum sentence applicable to Four Star's conviction. *See United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014).

Four Star next contends that there was insufficient evidence to support the enhancement. We review the court's application of the Guidelines for abuse of discretion and its factual findings for clear error. *See id*. at 905. On this record, including testimony that the victim's injuries were consistent with the victim's statement that Four State forcibly held her down during the sexual assault, the district court did not err in determining that Four Star's offense involved the use of force. *See United States v. Fulton*, 987 F.2d 631, 633 (9th Cir. 1993) ("[T]he force requirement is met when the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.") (internal quotations omitted).

**AFFIRMED.**

13-30271