
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10123 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00507-RCC-DTF-1 |
| v. | |
| FRANCISCO GARCIA-GASTELUM, AKA Francisco Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted May 10, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Francisco Garcia-Gastelum appeals his conviction for illegal reentry by

challenging the trial judge's decision, over objection, to permit the prosecution to

ask three questions to law enforcement witnesses on direct examination which

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia-Gastelum argues were impermissible leading questions. We have jurisdiction over an appeal from the district court's entry of final judgment against Garcia-Gastelum pursuant to 28 U.S.C. § 1291 and we AFFIRM.

We review a district court's decision to allow a leading question for abuse of discretion. *United States v. Castro-Romero,* 964 F.2d 942, 943 (9th Cir. 1992) (per curiam). Federal Rule of Evidence 611 regulates the use of leading questions in federal court. The rule states that "leading questions should not be used on direct examination except as necessary to develop the witness's testimony." Fed. R. Evid. 611(c). The district court is afforded broad discretion under this rule to permit the use of leading questions on direct examination. *Miller*, 885 F.2d at 514. Courts have recognized the appropriateness of allowing leading questions on direct examination to establish "undisputed preliminary matters" or to elicit information that does not substantially expand or alter earlier testimony elicited through non-leading questions. Fed. R. Evid. 611, Advisory Committee Notes (1972); *Miller*, 885 F.2d at 515. Reversal on the basis of improper leading questions is only appropriate if the district court's ruling "amounted to, or contributed to, the denial of a fair trial." *Miller v. Fairchild Indus. Inc.*, 885 F.2d 498, 514 (9th Cir. 1989) (as amended) (quoting Cleary, ed., *McCormick on Evidence* at 12).

Even assuming the three questions Garcia-Gastelum challenges were leading questions—and it is disputable whether Question 1 and Question 3 was leading—none of the challenged questions were improper. Use of these questions did not prejudice proceedings to the extent that the defendant did not receive a fair trial. Questions 1 and 3 established an undisputed preliminary matter, and Question 2 elicited information that related to an undisputed matter previously explored in detail on cross examination. It was not an abuse of discretion by the district court to permit the prosecution to ask these three questions on direct examination. Rather, it was within the sound discretion of the district court to allow these questions as necessary to develop the witnesses' testimony.

**AFFIRMED.**