**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Wayne MORGAN,
Defendant–Appellant.**

No. 98–30054.

United States Court of Appeals,
Ninth Circuit.

Submitted * Nov. 6, 1998.

Decided Jan. 14, 1999.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Daniel Donovan, Senior Assistant Federal Defender, Great Falls, Montana, for the defendant-appellant.

Lori A. Harper, Assistant United States Attorney, Great Falls, Montana, for the plaintiff-appellee.

Before: CANBY, and HAWKINS, Circuit Judges, and SILVER,** District Judge.

SILVER, District Judge:

Appellant Charles Wayne Morgan pled guilty to the crime of abusive sexual contact proscribed by 18 U.S.C. §§ 1153(a) and 2244(a)(2) in return for an agreement by the United States to drop the more serious charge of aggravated sexual abuse proscribed by 18 U.S.C. §§ 1153(a) and 2241(a)(1). Morgan appeals his thirty-six month sentence of imprisonment, arguing that the district court erred in calculating his sentence by applying U.S.S.G. § 2A3.1, the guideline for aggravated sexual abuse cross-referenced in U.S.S.G. § 2A3.4, the guideline for abusive sexual contact.

The cross-reference in § 2A3.4 instructs the court to apply § 2A3.1 "[i]f the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242)". There is no dispute that the Defendant committed criminal sexual abuse. Accordingly, the district court correctly applied the cross-referenced guideline and we affirm.

** Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

## FACTS

At 4:00 p.m. on October 17, 1996, Charles Wayne Morgan and a woman whose initials are NNW completed working their shift at Glacier Restaurant in Browning, Montana.[1] NNW accepted Morgan's invitation to accompany him to the town of Cut Bank for dinner, rode with him on the 20 minute drive, and joined him for dinner at a McDonald's. After dinner, Morgan stopped at a liquor store in Cut Bank and purchased a fifth of 101 proof liquor with the brand name of "Permafrost." Morgan and NNW passed the bottle back and forth as they drove back toward Browning.

About ten miles east of Browning, Morgan stopped the car after driving several hundred yards off the highway to reach Camp Disappointment Monument. Morgan and NNW finished the bottle of Permafrost. According to Morgan, the two began kissing outside the car; then they got back into the car and continued to kiss. NNW "passed out," i.e. became unconscious, and repeatedly gained and lost consciousness thereafter. During the time that NNW was unconscious or nearly so, Morgan took off her clothes and had vaginal sexual intercourse with her. Morgan admits that NNW said "no" a "couple of times" while he was removing her clothes and forcing her to have sex with him.

On August 25, 1997, a grand jury in Great Falls, Montana, returned an indictment charging Morgan with the crime of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153(a)[2] and 2241(a)(1).[3] In November, 1997, Morgan executed an unconditional plea agreement in which he agreed to plead guilty to the crime of abusive sexual contact, proscribed by 18 U.S.C. §§ 1153(a) and 2244(a)(2).[4] In return, the United States agreed to move for dismissal of the indictment charging Morgan with the crime of aggravated sexual abuse and to recommend that the defendant receive a sentence at the low end of the applicable guideline range. In the agreement, the parties acknowledge that the district court had the authority to sentence the defendant anywhere within the guideline range and depart upward or downward for reasons explained on the record.

On November 12, 1997, Morgan pled guilty in accordance with the terms of the agreement. After a probation officer prepared a presentence investigation report, the district court sentenced Morgan on February 20, 1998. In calculating the sentence, the court began with U.S.S.G. § 2A3.4, the guideline applicable to abusive sexual contact, the offense to which Morgan had pled guilty. This guideline cross-references § 2A3.1, the guideline applicable to sexual abuse and aggravated sexual abuse, the offense which the

1. In a sentencing memorandum, Morgan requests that the district court adopt the facts contained in the presentence investigation report. Because the report sets forth differences in Morgan's and NNW's versions of the incident, the Court assumes that Morgan meant to request the adoption of only his version. The district court likewise relied only on the report's recounting of Morgan's version of the relevant events.

2. 18 U.S.C. § 1153(a) subjects Indians committing any of the listed crimes to the "same law and penalties as all other persons committing any of the [listed] offenses, within the exclusive jurisdiction of the United States."

3. 18 U.S.C. § 2241(a)(1) provides: "Whoever, in the special . . . territorial jurisdiction of the United States . . . knowingly causes another person to engage in a sexual act . . . by using force against that other person . . . or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both."

As defined in 18 U.S.C. § 2246(2)(A), the term "sexual act" includes: "contact between the penis and the vulva . . . and for purposes of this

subparagraph contact involving the penis occurs upon penetration, however slight."

4. 18 U.S.C. § 2244(a)(2) provides: "Whoever, in the special . . . territorial jurisdiction of the United States . . . knowingly engages in or causes sexual contact with or by another person, if so to do would violate . . . section 2242 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than three years, or both."

As defined in 18 U.S.C. § 2246(3), the term "sexual contact" means "the intentional touching, either directly or through the clothing, of the genitalia . . . [or] breast . . . of any person with an intent to . . . arouse or gratify the sexual desire of any person."

18 U.S.C. § 2242, cross-referenced in § 2244, provides: "Whoever, in the special . . . territorial jurisdiction of the United States . . . knowingly . . . engages in a sexual act with another person if that other person is . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act . . . or attempts to do so, shall be fined under this title, imprisoned not more than 20 years, or both."

United States Attorney had agreed to drop in return for Morgan's guilty plea. The cross-reference instructs the court to apply the latter guideline "[i]f the offense involved criminal sexual abuse."

Concluding that Morgan's conduct constituted "criminal sexual abuse," the district court relied on the cross-reference and applied § 2A3.1, the guideline applicable to this offense. The court found the range for Morgan's sentence to be 51–63 months. However, the court was restricted from sentencing Morgan to more than the 36–month maximum sentence established by statute for the offense to which Morgan had pled. Finding no basis for downward departure, the court sentenced Morgan to a 36–month term to be followed by supervised release for one year. Morgan appeals.

## DISCUSSION

■ Morgan argues that the district erred by complying with the U.S.S.G. § 2A3.4 cross-reference, which instructed the court to apply U.S.S.G. § 2A3.1 to calculate the sentence. This court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Pena–Carrillo*, 46 F.3d 879, 884 (9th Cir.), *cert. denied*, 514 U.S. 1122, 115 S.Ct. 1990, 131 L.Ed.2d 876 (1995).

■ The decision to apply a guideline cross-referenced within another guideline is fact-dependent. *United States v. Myers*, 112 F.3d 406, 409 (9th Cir.1997). The cross-reference contained in U.S.S.G. § 2A3.4(c)(1) instructs the court to apply guideline § 2A3.1 "[i]f the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242)". Thus, the fact-dependent inquiry focuses on determining whether the acts Morgan committed constitute "criminal sexual abuse" as proscribed by either 18 U.S.C. § 2241 or § 2242.

■ The fact that Morgan engaged in sexual intercourse with NNW, the victim, while she was passed out is not in dispute. The portion of the presentence investigation report relating Morgan's version of the offense states that, when he and NNW reentered the car after drinking outside:

NNW then essentially "passed out" . . . [and] was in and out of consciousness. . . . Morgan advised that while NNW was incapacitated after her consumption of Permafrost, he took off her [clothing] . . . and eventually had vaginal sex with her in the right front passenger seat of his car. . . . Morgan advised that NNW, although extremely intoxicated, was able to say "no" while her clothing was being removed and while Morgan was having sex with her. According to Morgan, she said "no" a "couple of times."

Morgan's sentencing memorandum further states that, with the exception of the calculation relying on § 2A3.1, "Defendant . . . hereby requests that the Court adopt the facts and matters [in the presentence investigation report] as the findings of the Court." Moreover, Defendant raised no objection to this summary of the facts at his sentencing hearing. Accordingly, the district court was entitled to adopt the findings in the report. *See United States v. Williams*, 41 F.3d 496, 499 (9th Cir.1994).

■ Next, the Court must determine whether Morgan's admitted acts constitute "criminal sexual abuse" as proscribed by 18 U.S.C. § 2241 and § 2242, the statutes set forth in the cross-reference contained in U.S.S.G. § 2A3.4(c)(1). The record does not indicate whether the district court relied upon 18 U.S.C. § 2241 or § 2242 in determining that Morgan committed criminal sexual abuse–the court stated that Morgan had violated § 2241(c)(2), but this statutory subsection does not exist.

We need not remand for the district court to set forth the provision it relied upon because an error, if any, does not alter the calculation. *See Williams v. United States*, 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). Morgan's plea and admissions confirm that he committed acts proscribed by 18 U.S.C. § 2242. Morgan pled guilty to 18 U.S.C. § 2244(a)(2), which expressly cross-references § 2242 by proscribing "knowingly engag[ing] in or caus[ing] sexual contact with or by another person, if so to do would violate . . . section 2242 of this title had the sexual contact been a sexual act." Morgan also admitted to engaging in a "sexual act,"

intercourse, when he recounted the incident as set forth in the presentence investigation report. Taken together, Morgan's admission and his plea constitute an admission to committing "criminal sexual abuse" in violation of 18 U.S.C. § 2242.

■ Morgan's conduct "involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. .... § 2242)." U.S.S.G. § 2A3.4(c)(1). Accordingly, it was proper for the district court to comply with the cross-reference and calculate Morgan's sentence by applying guideline § 2A3.1. The cross-references were expressly designed to require that courts consider the more serious conduct. *See* Amendment 444, App. C to *U.S. Sentencing Guidelines Manual* (1996). Morgan retained the benefit of his plea because his sentence was limited to the statutory maximum applicable to the offense of conviction. *See United States v. Fine*, 975 F.2d 596, 603 (9th Cir.1992).

Morgan criticizes the district court's reliance on an exception to the following principle: "As a general rule, the court is to use the guideline section from Chapter Two most applicable to the offense of conviction." § 1B1.2, Commentary n.1. The exception provides:

> However, ... [w]here a stipulation that is set forth in a written plea agreement or made between the parties on the record during a plea proceeding specifically establishes facts that prove a more serious offense or offenses than the offense or offenses of conviction, the court is to apply the guideline most applicable to the more serious offense or offenses established.

*Id.* Morgan argues that the exception did not apply because the proof of the more serious offense was not set forth in "a stipulation ... set forth in a written plea agreement or made ... on the record." § 1B1.2, Commentary n.1.

The district court need not have relied on the exception set forth above because the general rule directs the court to "use the guideline section ... most applicable to the offense of conviction." The court complied with the general rule by beginning its analysis with § 2A3.4, the guideline applicable to the pled offense of abusive sexual contact. Only by relying on this guideline's instruction, to apply guideline § 2A3.1 if the offense involved "criminal sexual abuse," did the court ultimately apply the latter guideline. Because the cross-reference was part of the guideline applicable to the offense of conviction, the district court did not need to reach the limited exception to the general rule requiring use of that guideline.

Moreover, the court's approach is consistent with U.S.S.G. § 1B1.3, which explains that a court analyzing a cross-reference contained within a guideline must consider: "all acts and omissions committed ... by the defendant ... that occurred during the commission of the offense of conviction." § 1B1.3(a)(1)(A). In accordance with § 1B1.3, the district court correctly considered Morgan's undisputed conduct and determined that the cross-reference applied.

Morgan argues that he should have received no more than a nominal sentence because "date rape" is not a serious offense. In his brief to this Court, he states:

> Two young adults got drunk. They then had sex. This is a case of date rape where she said "no," and he heard her, but he did not really believe she meant it, particularly based on her prior behavior....
>
> As stated previously, this was, at worst, a date rape and a typical "he said/she said" situation. The two participants in the sexual encounter were the only two witnesses. Both were very intoxicated.

Moreover, though Morgan admits that NNW said "no," he describes her refusal as "a mere verbal negative from a drunk female, who had willingly placed herself in a comprising position." *Id.* at 18.

Neither the statutes proscribing the behavior that occurred in this case nor the applicable sentencing guidelines deem sexual assault less serious just because the perpetrator and victim began the evening on a "date." Given the defendant's blithe attitude and arguments to the contrary, the sound remarks of the district judge to the defendant at sentencing bear repeating:

> What your actions reflect is that you view women as something other than human beings, and that you can have your way with a person to satisfy your own

needs, and in doing that, to dehumanize some other human.

It's particularly egregious in this case because of the intoxication issue, but despite of intoxication, both on your own behalf and that of the victim, and the fact that she was[,] or during part of the time [was] passed out, she did say no repeatedly, and you let your physiological drives overcome your human nature, and in the process dehumanized another individual.

For the foregoing reasons, we affirm the sentence imposed by the district court.

AFFIRMED.