**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arnold HOLIDAY, Defendant–**
**Appellant.**

No. 00–10124.
D.C. No. CR–99–00399–RGS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Jan. 10, 2001.

Before SCHROEDER, Chief Judge, CYNTHIA HOLCOMB HALL and W. FLETCHER, Circuit Judges.

### MEMORANDUM [1]

Arnold Holiday appeals the 27–month sentence imposed following his guilty plea to two counts of engaging in abusive sexual contact with a minor on an Indian Reservation, in violation of 18 U.S.C. §§ 1153 and 2244(a)(3). Holiday contends that the district court erred in assigning to him a base offense level of 16 on the ground that he used force within the meaning of U.S.S.G. § 2A3.4(a)(1), and that the amount of restitution ordered by the district court lacks sufficient documentary support. We affirm.

█ The record supports the district court's determination that Holiday used force during his abusive sexual contact with the victim. *See* U.S.S.G. § 2A3.4, com-

ment. (n.1) (1999); 18 U.S.C. § 2241(a). The district court considered the entire record, and credited the victim's statements that Holiday "grabbed" her arms to prevent her from leaving and to kiss her, lay on top of her, threatened her, and dragged her behind a couch. The court's findings are not clearly erroneous. *See United States v. Archdale*, 229 F.3d 861, 868 (9th Cir.2000); *United States v. Fulton*, 987 F.2d 631, 632–33 (9th Cir.1993). Moreover, it is well-settled that the district court can use relevant conduct to select the appropriate offense level under the applicable Sentencing Guideline. *See* U.S.S.G. § 1B1.3 (1999); *United States v. Morgan*, 164 F.3d 1235, 1239 (9th Cir.1999) (analyzing a cross-reference contained within a Guideline and holding that a district court must consider "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction"); *United States v. Reese*, 2 F.3d 870, 894–95 (9th Cir.1993) (recognizing that the overall policy of the Guidelines is to punish a defendant for all harm that resulted from his actions).

█ Contrary to Holiday's assertions, the district court's restitution order is supported by several documents, including a restitution affidavit filed in an Arizona Superior Court and a supporting memorandum filed by the probation officer. The district court did not abuse its discretion when it relied on these documents and ordered Holiday to pay restitution in the amount of $5,970. *See United States v. Miguel*, 49 F.3d 505, 511–12 (9th Cir.1995); *United States v. Mills*, 991 F.2d 609, 611–12 (9th Cir.1993).

Finally, because Holiday failed to comply with 18 U.S.C. § 3509(d)(1) & (2), we

---

sua sponte order this court's records and all documents in this case that mention the child's name sealed. *See United States v. Gavin,* 959 F.2d 788, 792 (9th Cir.1992) (ordering records sealed because "[d]isclosure of the child victim's name would be 'detrimental' to the child within the meaning of 18 U.S.C. § 3509(d)(3)").

AFFIRMED.

---

1. The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a)(2)

2. The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the