**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Earl FLAVORS, Defendant–Appellant.**

No. 00–50298.

D.C. No. CR–99–90–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided July 26, 2001.

**492**

Before NOONAN, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

William Earl Flavors (Flavors) appeals both his conviction and the 168–month (fourteen-year) sentence of imprisonment following his guilty plea to two counts of transportation of an individual for prostitution in violation of the Mann Act, 18 U.S.C. § 2421. We affirm both.

### FACTS

In March 1999, Flavors drove fifteen-year-old Jane Doe #1 (Doe #1) against her will from her home in Washington to California, where he intended to compel her to prostitute herself. From March 12 through March 24, 1999, Flavors forced Doe #1 to work as a prostitute each day,

during which she would serve as many as twenty customers. Doe #1 did not want to prostitute herself but she feared bodily injury and death at Flavors' hands. During this period, Flavors forced Doe #1 to have sex with him almost every night.

On July 27, 1999, Flavors went to Las Vegas, Nevada, with seventeen-year-old Jane Doe #2 (Doe #2), whom he had driven to California from her home in Washington against her will. As he had with Doe #1, once they arrived in California, Flavors compelled Doe #2 to prostitute herself. Flavors beat Doe #2 with metal hangers, belts, purse straps, and a club and burned her with a curling iron. On several occasions, Flavors forcibly had sex with Doe #2. On one occasion, Flavors sodomized Doe #2, and on another, forced her to drink several cups of his urine.

While in Nevada, Flavors compelled Doe #2 to prostitute herself. On July 29, 1999, Flavors and Doe #2 returned to California, where again he forced her to engage in prostitution. On July 30, 1999, local police arrested Doe #2 for prostitution. Flavors was arrested on August 27, 1999.

### PROCEEDINGS BELOW

On October 7, 1999, a federal grand jury indicted Flavors on (1) four counts of transporting an individual for prostitution in violation of 18 U.S.C. § 2421 (counts one and four through six); (2) one count of coercion and enticement in violation of 18 U.S.C. § 2422(a) (count two); and (3) one count of involuntary servitude in violation of 18 U.S.C. § 1584 (count three).

On December 13, 1999, the day trial was to start, Flavors pleaded guilty to count

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as may be provided by 9th Cir. R. 36–3.

six (transporting Doe # 2 from Nevada to California, with the intent that she engage in prostitution). The government decided to proceed with trial on the remaining counts.

The next day, on December 14, 1999, Flavors moved to substitute his court-appointed counsel, because he believed that counsel had "misled" him about the guilty plea and the subsequent likelihood of trial. After conducting a hearing outside the presence of the government, the district court denied the motion.

Later that same day, the parties agreed that if Flavors pleaded guilty to count one (transporting Doe # 1 from Washington to California with the intent that she engage in prostitution), the government would dismiss the remaining four counts. Following a Rule 11 colloquy, Flavors pleaded guilty to count one. He specifically accepted his counsel's representation for the purposes of the guilty plea. Flavors also expressly withdrew his motion to substitute counsel.

On December 16, 1999, the district court heard extensive testimony from victims Doe # 1 and Doe # 2.

Prior to the May 1, 2000, sentencing hearing, the district court issued a tentative ruling, indicating its intention to apply the cross-reference at U.S.S.G. § 2G1.1(c)(2) (for conduct involving criminal sexual abuse) to § 2A3.1, which provides a base offense level of 27. At the hearing, the district court stated that Flavors committed criminal sexual abuse personally and by forcing Doe # 1 and Doe # 2 to engage in prostitution:

> The pattern of conduct that we're able to see just limited to the two victims and the counts of conviction ... we see the use of physical sexual force by the defendant personally, nonconsensually. We see, finally, and what's most significant to the operation of the enterprise is

physical force to keep the girls subdued and on the street. . . .

> I find that as to each [of] the two victims [ ] in these counts there has been the physical force, which has to do with keeping the [prostitution] business going, and the subrogation [subjugation?], if you will, followed by his own sexual abuse of them and, of course, the abuse that he insisted they take at the hands of the customers, that is to say, more prostitution.

Starting with a base offense level of 27, the district court applied a four-level enhancement to each count for use of force, pursuant § 2A3.1(b)(1), and a two-level enhancement to count one for Doe # 1's age, pursuant to § 2A3.1(b)(2)(B). Applying the multiple-count rule, the district court added two levels to the higher offense level, yielding a total of 35, which the district court reduced by two levels for acceptance of responsibility, resulting in a total offense level of 33, and together with criminal history category II, a sentencing range of 151 months (twelve years, seven months) to 188 months (fifteen years, eight months). The district court sentenced Flavors to imprisonment for 120 months (ten years) on count one and 48 months (four years) on count six, to be served consecutively.

## ANALYSIS

1. Motion to substitute counsel.

■ Flavors' claim that the district court erred in denying his motion to substitute counsel is not properly before this court. Flavors waived that issue for appeal by his express withdrawal of the motion on December 14, 1999. *See United States v. Manarite*, 44 F.3d 1407, 1419 n. 18 (9th Cir.1995) ("withdrawal of an objection is tantamount to a waiver of an issue for appeal").

2. Sentencing issues.

Flavors challenges the application of the cross-reference in U.S.S.G. § 2G1.1(c)(2) to § 2A3.1. We review de novo the interpretation and application of the Sentencing Guidelines. *United States v. Morgan,* 164 F.3d 1235 (9th Cir.1999). We review the district court's factual findings for clear error. *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000).

■ Flavors argues that, because the offenses to which he pleaded guilty were complete once he entered California with Doe # 1 and Doe # 2, his offense conduct cannot include sexual conduct between him and his victims. He also argues that application of § 2A3.1 cannot be based on sexual conduct between the victims and third-party prostitution customers.

Flavors' first argument is without merit because he defines his offense too narrowly; we need not, and do not, reach his second argument. The district court was not clearly erroneous in finding that Flavors used force to cause Doe # 1 and Doe # 2 to engage in sexual acts with him as part of his offense conduct. The application of the cross-reference in § 2G1.1(c)(2) to § 2A3.1 was proper and supported by the facts.

U.S.S.G. § 2G1.1, which pertains to "promoting prostitution or prohibited sexual conduct," applies to the offenses for which Flavors was convicted. The cross-reference at § 2G1.1(c)(2) directs the court to apply § 2A3.1 "[i]f the offense involved criminal sexual abuse, attempted criminal sexual abuse, or assault with intent to commit criminal sexual abuse." U.S.S.G. § 2G1.1(c)(2).

"The decision to apply a guideline cross-reference ... is fact-dependent" *Morgan,* 164 F.3d at 1238, and is determined by considering "all acts ... committed ... by defendant that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," U.S.S.G. § 1B1.3(a)(1)(A), and "all harm that resulted from" and "was the object of such acts ...." U.S.S.G. § 1B1.3(a)(3).

Criminal sexual abuse includes all sexual abuse defined in 18 U.S.C. §§ 2241 and 2242. *See* U.S.S.G. § 2A3.1, cmt. background; *see also United States v. Angle,* 234 F.3d 326, 345 (7th Cir.2000), *cert. denied,* — U.S. —, 121 S.Ct. 2556, 150 L.Ed.2d 722 (2001). (A November 2000 amendment clarifies that "criminal sexual abuse" as used in § 2G1.1(c)(2) includes conduct proscribed by §§ 2241 and 2242. *See* U.S.S.G. § 2G1.1, cmt. n. 10 (2000).)

A person commits "aggravated sexual abuse" if he "knowingly causes another person to engage in a sexual act by using force against that other person...." 18 U.S.C. § 2241. Flavors does not contest the finding that he himself repeatedly engaged in nonconsensual sexual acts with Doe # 1 and with Doe # 2 during the periods he forced them to engage in prostitution.

Flavors' relevant conduct includes that relating to the purpose for which he transported the girls across state lines, because his intent while he moved in interstate commerce is "an essential constituent element of the offense...." *Bush v. United States,* 267 F.2d 483, 485 (9th Cir.1959); *see also United States v. Cryar,* 232 F.3d 1318, 1325 (10th Cir.2000) (defendant "was not convicted of *crossing* state lines while holding impure thoughts, but rather ... of the crossing of state lines with the intent to engage in [an unlawful sexual act]") (emphasis in original), *cert. denied,* — U.S. —, 121 S.Ct. 1423, 149 L.Ed.2d 363 (2001). Flavors' conviction reflects his intent to force Doe # 1 and Doe # 2 to work as prostitutes. Credited testimony at sen-

tencing reveals that, in fact, Flavors forced them to do so. The district court found that "[t]he pattern of conduct" by which Flavors operated his prostitution enterprise included "the use of physical sexual force by the defendant personally, nonconsensually." We cannot say that this finding was clearly erroneous.

The forced sexual acts between Flavors and the victims are, at the very least, "harm that resulted" from Flavors' offenses. This finding alone supports the application of the cross-reference to § 2A3.1.

Flavors also challenges the four-level enhancement pursuant to § 2A3.1(b)(1), claiming that the enhancement "double counts" the force element of his offenses. Double counting is not impermissible "when it is necessary to ensure that the defendant's sentence reflects 'the full extent of the wrongfulness of his conduct.'" *United States v. Archdale,* 229 F.3d 861, 869 (9th Cir.2000) (quoting *United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993)). "Because it is ... possible to be sentenced under U.S.S.G. § 2A3.1 for an offense not involving the use of force, 'such behavior may be used to enhance the offense level....'" *Id.* Having properly concluded that the cross-reference to § 2A3.1 applies, the district court then properly considered Flavors' use of force in committing his offenses. The district court did not impermissibly "double count" the force element by applying the four-level enhancement for aggravated sexual abuse in § 2A3.1(b)(1).

For the foregoing reasons, Flavors' conviction and sentence are AFFIRMED.