**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Soon Oh KWON, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Mo Young Kwon, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Ying Yu Meng, Defendant—Appellant.**

**No. 00–10131, 00–10133, 00–10134.
D.C. No. CR–98–00044–01.
D.C. No. CR–98–00044–02.
D.C. No. CR–98–00044–03.**

United States Court of Appeals,
Ninth Circuit.

---

Argued and Submitted* May 6, 2002.

Decided July 2, 2002.

Before WALLACE, TASHIMA and TALLMAN, Circuit Judges.

* Cause Nos. 00–10131 and 00–10134 were submitted on May 6, 2002. Submission was deferred in Cause No. 00–10133, and is now submitted by separate order filed concurrently with this disposition.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The government contends that S. Kwon and M. Kwon failed to preserve on appeal the issue of whether their waivers were enforceable since it was first raised in their reply

**MEMORANDUM ***

In these consolidated appeals, Appellants Soon Oh Kwon ("S. Kwon"), Mo Young Kwon ("M. Kwon"), and Ying Yu Meng ("Meng") appeal their respective sentences imposed following their guilty pleas. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss as moot the appeal of M. Kwon, and affirm the sentences of Meng and S. Kwon.

**I**

Although all three Appellants waived their rights to appeal in their plea agreements, the district court's statements at sentencing and Appellants' affirmative responses to these statements, in conjunction with the prosecution's failure to object, rendered their written waivers unenforceable. *See, e.g., United States v. Martinez,* 143 F.3d 1266, 1272 (9th Cir.1998); *United States v. Buchanan,* 59 F.3d 914, 918 (9th Cir.1995). We therefore consider their appeals.[1]

**II**

▮ M. Kwon was sentenced to 30 months' imprisonment, and if not deported, he was subject to three years of supervised release. On June 11, 2002, M. Kwon was deported to Korea.[2] As he is only appealing the sentence imposed by the

briefs. However, given that "the failure to raise the issue properly did not prejudice the [government's] defense," since it actually addressed the identical issue in responding to Meng's appeal, and the fact that "waiver" of the right to appeal can be viewed as a defense to be raised by the government, we choose to exercise our discretion to review this issue as to all Appellants. *See United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992).

2. An Immigration Officer's certification to this fact is not contested by Appellant M. Kwon.

district court, and not the conviction underlying that sentence, M. Kwon's deportation renders his appeal moot and is therefore dismissed. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir.1999) (challenge to length of sentence rendered moot by completion of sentence).

## III

■ Meng and S. Kwon challenge the district court's application of the two-level vulnerable victim enhancement under United States Sentencing Guideline ("U.S.S.G.") § 3A1.1. "Alleged sentencing errors are reviewed for plain error where [a] defendant has failed to object before the district court and therefore forfeited his right to appeal." *United States v. Randall*, 162 F.3d 557, 561 (9th Cir.1998).

Contrary to Appellants' contentions, *United States v. Castaneda*, 239 F.3d 978 (9th Cir.2001), did not announce a new rule that should be retroactively applied. The rule that a § 3A1.1 enhancement should not be applied unless the victims were unusually vulnerable is clearly set forth both in the language of the Guideline itself, *see* U.S.S.G. § 3A1.1, and in the case law of this Circuit. *See, e.g., United States v. Wetchie*, 207 F.3d 632 (9th Cir.2000); *United States v. Scrivener*, 189 F.3d 944 (9th Cir.1999).

Further, a review of the offense guideline applied to both Meng and S. Kwon, involuntary servitude under U.S.S.G. § 2H4.1, reveals that an enhancement for vulnerability of the victim is not included in the base offense level. Nowhere in that guideline is the vulnerability of the victim either specifically referenced or even inferred. The district court's application of this enhancement did not constitute plain error.

Finally, where, as here, a defendant has not raised an objection at his sentencing hearing to the findings of facts in the presentence report, the district court is entitled to adopt and rely upon those findings in making its sentencing determination. *See United States v. Morgan*, 164 F.3d 1235, 1238 (9th Cir.1999); *see also United States v. Luca*, 183 F.3d 1018, 1026 (9th Cir.1999). The fact that Meng and S. Kwon actually recommended application of the vulnerable victim enhancement, and thus arguably waived their right to challenge its application, further compels the conclusion that the district court did not plainly err.

The appeal of M. Kwon, Cause No. 00–10133, is DISMISSED. The sentences of S. Kwon, Cause No. 00–10131, and Meng, Cause No. 00–10134, are AFFIRMED.