**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John T. PAYNE, Defendant–Appellant.**

No. 02–6471.

United States Court of Appeals, Sixth Circuit.

Sept. 12, 2003.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, Amy M. Sullivan, Asst. U.S. Attorney, Louisville, KY, for Plaintiff–Appellee.

Scott T. Wendelsdorf, Jamie L. Haworth, Asst. F.P. Defender, Western Kentucky Federal Community Defender, Inc., Louisville, KY, for Defendant–Appellant.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

## ORDER

John T. Payne pleaded guilty to using a computer in interstate commerce in an attempt to persuade a minor to engage in sexual activity. *See* 18 U.S.C. § 2422(b). On November 13, 2002, he was sentenced to twenty-four months of imprisonment and two years of supervised release. It is from this judgment that Payne now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

We review the sentencing court's legal conclusions *de novo*, while examining its factual findings for clear error. *See United States v. Champion*, 248 F.3d 502, 504 (6th Cir.2001).

Payne used a computer in Indiana to communicate through an internet chat room with Jen87, an individual who was described as a fourteen year old girl living in Kentucky. In actuality, Payne was communicating with an FBI agent who

was posing as Jen87. The content of their internet communications was plainly sexual, at least in part. It is undisputed that Payne asked if Jen87 would perform oral sex on him and repeatedly indicated that he would like to touch her beneath her clothes. Payne suggested that they meet at a restaurant in Louisville, Kentucky. He was arrested when he approached an undercover police woman there at the arranged time.

Payne now argues that the sentencing court improperly calculated his base offense level. That calculation begins with an examination of the cross reference provisions of USSG § 2G1.1, which direct the courts to "apply § 2A3.2 (Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape) or Attempt to Commit Such Acts) or § 2A3.4 (Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact), as appropriate." USSG § 2G1.1(c)(3) (2000). The application of § 2A3.2(a)(1) would result in a base offense level of eighteen. In contrast, the application of § 2A3.4(a)(3) would result in a base offense level of ten. Thus, Payne argues that his offense involved only an attempt to commit abusive sexual contact under § 2A3.4, rather than attempted criminal sexual abuse within the meaning of § 2A3.2.

An individual commits the sexual abuse of a minor, if he "knowingly engages in a *sexual act* with another person," who is twelve to sixteen years of age and at least four years younger than himself. 18 U.S.C. § 2243(a) (emphasis added). In the present case, Payne's undisputed conduct evidences an attempt to induce a fourteen year old girl to engage in "sexual acts," as defined by 18 U.S.C. § 2246(2). Thus, the district court properly found that his offense involved attempted sexual abuse within the meaning of USSG § 2A3.2. *See generally United States v. Root*, 296 F.3d 1222, 1232–36 (11th Cir.2002), *cert. denied*, 537 U.S. 1176, 123 S.Ct. 1006, 154 L.Ed.2d 921 (2003).

The applicability of § 2A3.2 is also demonstrated by the following language from the sexual contact guideline that Payne now seeks to apply: "If the offense involved criminal sexual abuse of a minor or attempt to commit criminal sexual abuse of a minor (as defined in 18 U.S.C. § 2243(a)), apply § 2A3.2 . . ., if the resulting offense level is greater than that determined above." USSG § 2A3.4(c)(2) (2000). Payne's conduct involved attempted sexual abuse as defined by 18 U.S.C. § 2243(a). Thus, § 2A3.4(c)(2) also directs the court to apply the base offense level that is found at § 2A3.2. *See United States v. Morgan*, 164 F.3d 1235, 1238–39 (9th Cir. 1999).

In turn, § 2A3.2(a)(1) prescribes a base offense level of eighteen "if the offense involved a violation of chapter 117 of title 18." Payne's admitted violation of 18 U.S.C. § 2422(b) falls under that chapter. Hence, the district court properly determined that his base offense level was eighteen pursuant to § 2A3.2(a)(1).

Accordingly, the district court's judgment is affirmed.